UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULA ANDREA SALCEDO ACEROS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>POLLY KAISER, et al.,<br><br>　　　　　Defendants. | Case No. 25-cv-06924-RMI   (EKL)<br><br>**ORDER GRANTING TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 4 |

Before the Court is Petitioner's *Ex Parte* Motion for Temporary Restraining Order. TRO Mot., ECF No. 4. Petitioner filed a Petition for Writ of Habeas Corpus on August 15, 2025, and an *Ex Parte* Motion for Temporary Restraining Order on August 16, 2025, against Respondents Acting Field Office Director Polly Kaiser, Acting Director of Immigration and Customs Enforcement Todd M. Lyons, Secretary of the Department of Homeland Security Kristi Noem, and United States Attorney General Pamela Bondi on August 16, 2025. ECF Nos. 1, 4, 5. Petitioner asks this Court to (1) order her immediate release from Respondents' custody pending these proceedings, and (2) enjoin Respondents from transferring her out of this District or deporting her during the pendency of the underlying proceedings. *See* Notice of Mot., ECF No. 4. For the foregoing reasons, the TRO is GRANTED as modified below.

**I.   BACKGROUND**

According to the record before the Court, Petitioner is an asylum seeker who fled to the United States from Colombia. Petition for Writ of Habeas Corpus ¶ 1, ECF No. 1. When Petitioner arrived in the United States, "federal agents briefly detained her, determined that she was not a flight risk or danger to the community, and released her on her own recognizance with a notice to appear for removal proceedings in immigration court." *Id*. "Since then, Petitioner has

1  done everything the government asked her to do: she has diligently attended every immigration
2  court hearing and filed an application for asylum within the one-year filing deadline." *Id*.
3  Petitioner "has no criminal history anywhere in the world." *Id*.

4  On August 15, 2025, Petitioner attended a hearing in San Francisco Immigration Court.
5  *Id*. ¶ 2. At the hearing, the government moved to dismiss its case seeking Petitioner's removal.
6  *Id*. The presiding judge did not grant the motion; instead, he gave Petitioner time to respond to the
7  motion and set a merits hearing on her asylum application for February 29, 2028. *Id*. Minutes
8  after Petitioner exited the courtroom, Department of Homeland Security agents arrested Petitioner.
9  *Id*. ¶ 3. Petitioner is currently being detained at 630 Sansome Street in San Francisco, California.
10 *Id*. ¶ 11.

11 On August 15, 2025, the Petition was filed. The same day, Petitioner's counsel provided
12 notice of the Petition and a forthcoming motion for TRO, along with a copy of the Petition, to
13 Respondents' counsel. Decl. of Jordan Weiner ¶ 5, ECF No. 5-3. Petitioner's counsel spoke with
14 Respondents' counsel via telephone, and they briefly discussed the motion. *Id*. On August 16,
15 2025, counsel filed the motion for TRO and sent a copy to Respondents' counsel. *Id*. ¶ 6. In the
16 motion, Petitioner contends that her arrest and detention violate the Due Process Clause of the
17 Fifth Amendment, both substantively (because Respondents allegedly have no valid interest in
18 detaining her) and procedurally (because she was not provided with a pre-detention bond hearing).

19 **II.     LEGAL STANDARD**

20 The standard for issuing a temporary restraining order is identical to the standard for
21 issuing a preliminary injunction. *See Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir.
22 2017) ("[T]he legal standards applicable to TROs and preliminary injunctions are substantially
23 identical." (internal quotation marks and citation omitted)). A plaintiff seeking preliminary
24 injunctive relief must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to
25 suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in
26 his favor, and [4] that an injunction is in the public interest." *Winter v. Natural Resources Defense*
27 *Council, Inc.*, 555 U.S. 7, 20 (2008). "[I]f a plaintiff can only show that there are serious
28 questions going to the merits – a lesser showing than likelihood of success on the merits – then a

1   preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's
2   favor, and the other two *Winter* factors are satisfied." *Friends of the Wild Swan v. Weber*, 767
3   F.3d 936, 942 (9th Cir. 2014) (internal quotation marks and citations omitted). "[W]hen the
4   Government is the opposing party," the final two factors "merge." *Nken v. Holder*, 556 U.S. 418,
5   435 (2009).

6       An injunction is a matter of equitable discretion and is "an extraordinary remedy that may
7   only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555
8   U.S. at 22. A "TRO 'should be restricted to . . . preserving the status quo and preventing
9   irreparable harm just so long as is necessary to hold a [preliminary injunction] hearing and no
10  longer.'" *E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 779 (9th Cir. 2018) (quoting
11  *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S.
12  423, 439 (1974)).

### III.  DISCUSSION

14      Petitioner has demonstrated a likelihood of success on the merits of her claim that her
15  ongoing detention violates her procedural due process rights under the Fifth Amendment. The
16  Due Process Clause entitles Petitioner to a bond hearing before an immigration judge prior to any
17  arrest or detention. *See, e.g.*, *Pablo Sequen v. Kaiser*, No. 25-cv-06487-PCP, 2025 WL 2203419,
18  at *2 (N.D. Cal. Aug. 1, 2025) (collecting cases).

19      Petitioner has also demonstrated a likelihood of irreparable injury in the absence of
20  temporary relief. The likely unconstitutional deprivation of liberty that Petitioner faces is an
21  immediate and irreparable harm. "It is well established that the deprivation of constitutional rights
22  'unquestionably constitutes irreparable injury.'" *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th
23  Cir. 2017) (quoting *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012)). "When an alleged
24  deprivation of a constitutional right is involved, most courts hold that no further showing of
25  irreparable injury is necessary." *Warsoldier v. Woodford*, 418 F.3d 989, 1001-02 (9th Cir. 2005)
26  (cleaned up). "[I]t follows inexorably from [the] conclusion" that Petitioner's detention without a
27  pre-detention hearing is "likely unconstitutional," that he has "also carried [her] burden as to
28  irreparable harm." *Hernandez*, 872 F.3d at 995.

3

The final two *Winter* factors, the balance of the equities and public interest, also weigh heavily in favor of granting temporary relief. "[T]he public has a strong interest in upholding procedural protections against unlawful detention, and the Ninth Circuit has recognized that the costs to the public of immigration detention are staggering." *Jorge M. F. v. Wilkinson*, No. 21-cv-01434-JST, 2021 WL 783561, at *3 (N.D. Cal. Mar. 1, 2021) (cleaned up); *see Melendres*, 695 F.3d at 1002 ("[I]t is always in the public interest to prevent the violation of a party's constitutional rights." (quotation omitted)); *Preminger v. Principi*, 422 F.3d 815, 826 (9th Cir. 2005) ("Generally, public interest concerns are implicated when a constitutional right has been violated, because all citizens have a stake in upholding the Constitution."). As other courts in this district and others have concluded under similar circumstances, "the potential harm to [Petitioner] is significant, while the potential harm to the government is minimal." *Pablo Sequen*, 2025 WL 2203419, at *3. At most, the government faces a short delay in detaining Petitioner if it ultimately demonstrates, by clear and convincing evidence, that her detention is necessary to prevent danger to the community or flight. *See Jorge M. F.*, 2021 WL 783561, at *3; *Diaz v. Kaiser*, No. 3:25-cv-05071, 2025 WL 1676854 (N.D. Cal. June 14, 2025). The government is not "harmed in any legally cognizable sense by being enjoined from constitutional violations." *Zepeda v. U.S. Immigr. & Nat. Serv.*, 753 F.2d 719, 727 (9th Cir. 1983). "Faced with . . . a conflict between minimally costly procedures and preventable human suffering, [the Court has] little difficulty concluding that the balance of hardships tips decidedly in plaintiffs' favor." *Singh v. Andrews*, No. 25-cv-00801, 2025 WL 1918679, at *9 (E.D. Cal. July 11, 2025) (quoting *Hernandez*, 872 F.3d at 996) (cleaned up).

A TRO immediately releasing Petitioner is appropriate here to return her to the status quo. *E. Bay Sanctuary Covenant*, 932 F.3d at 779. The status quo refers to "the last uncontested status which preceded the pending controversy." *Doe v. Noem*, No. 25-cv-00633, 2025 WL 1141279, at *9 (W.D. Wash. Apr. 17, 2025) (citing *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000)). That is the moment prior to her likely illegal detention. *See Kuzmenko v. Phillips*, No. 25-cv-00663, 2025 WL 779743, at *2 (E.D. Cal. Mar. 10, 2025) (granting a temporary restraining order requiring immediate release of the petitioner back to home

4

confinement from custody, as a restoration of the status quo).

Because Petitioner satisfies all requirements for temporary injunctive relief and such relief is necessary to restore the status quo, the TRO Motion is granted as detailed below. This Order accords with many other recent grants of temporary relief in similar circumstances. *See, e.g.*, *Alva Alva v. Kaiser*, 25-cv-06676, 2025 WL 2294917, at *3 (N.D. Cal. Aug. 7, 2025) (granting temporary restraining order); *Garro Pinchi v. Noem*, No. 25-cv-05632, 2025 WL 1853763, at *4 (N.D. Cal. July 4, 2025) (granting temporary restraining order requiring release of asylum seeker and a pre-detention bond hearing before re-arrest), converted to preliminary injunction at __ F. Supp. 3d __, 2025 WL 2084921 (N.D. Cal. July 24, 2025); *Singh*, 2025 WL 1918679, at *10 (granting preliminary injunction); *Doe v. Becerra*, No. 2:25-cv-647-DJC-DMC, 2025 WL 691664, at *8 (E.D. Cal. Mar. 3, 2025) (granting temporary restraining order); *see also Diaz*, 2025 WL 1676854 (granting temporary restraining order requiring pre-detention hearing before re-detention of noncitizen out of custody five years); *Garcia v. Bondi*, No. 25-cv-5070, 2025 WL 1676855, at *3 (N.D. Cal. June 14, 2025) (granting temporary restraining order requiring pre-detention hearing before re-detention of noncitizen out of custody six years ); *Enamorado v. Kaiser*, No. 25-cv-4072-NW, 2025 WL 1382859, at *3 (N.D. Cal. May 12, 2025).

Because "there is no realistic likelihood of harm to the [Respondents] from enjoining [their] conduct." *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003), no security is needed to ensure that Respondents will be reimbursed for "costs and damages sustained by . . . hav[ing] been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). The Court exercises its discretion under Rule 65(c) to dispense with the filing of bond. *Jorgensen*, 320 F.3d at 919.

**IV.     ORDER**

For the foregoing reasons, **IT IS HEREBY ORDERED** that Petitioner's Motion for Temporary Restraining Order is **GRANTED** to preserve the status quo pending further briefing and a hearing on this matter. Respondents are **ORDERED** to immediately release Petitioner from Respondents' custody and **ENJOINED AND RESTRAINED** from re-detaining Petitioner without notice and a pre-deprivation hearing before a neutral decisionmaker, and from removing

her from the United States.[1]  This Order shall remain in effect until **Saturday, August 30, 2025, at 5:00 p.m.**

Respondents shall provide a status report confirming Petitioner's release by **Monday, August 17, 2025, at noon**.

Respondents are **ORDERED TO SHOW CAUSE** in-person at a hearing in the courtroom of the assigned Judge, or as otherwise ordered by that Judge, on **Friday, August 29, 2025, at 1:00 p.m.** why a preliminary injunction should not issue.  Respondents shall file a response to Petitioner's motion by no later than **Friday, August 22, 2025**.  Any reply shall be filed by **Tuesday, August 26, 2025**.

**IT IS SO ORDERED.**

Dated: August 16, 2025

Eumi K. Lee
United States District Judge

---

[1] Petitioner also asks the Court to order that she remain within the Northern District of California in order to preserve this Court's jurisdiction, but it is well-established that "when the Government moves a habeas petitioner after he properly files a petition naming him immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release."  *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004).